ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| GLORIA RIVERA REYES Y OTROS<br><br>Recurridos<br><br><br>v.<br><br><br>HOGAR LIRIOS II, INC. Y OTROS<br><br>Peticionarios | KLCE202300660 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.<br><br>SJ2022CV02133 (805)<br><br>Sobre:<br><br>Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

Rivera Pérez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2023.

Comparece ante nos el Dr. Francisco J. Rosado García (en adelante, el peticionario o el Dr. Rosado García) mediante recurso de *Certiorari* y *Moción Urgente en Auxilio de Jurisdicción* y nos solicita la revisión de la *Orden* dictada y notificada el 6 de junio de 2023, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI o foro primario). Mediante dicho dictamen el TPI declaró No Ha Lugar la solicitud de reconsideración de toma de deposición al Dr. Rosado García antes de la deposición del perito de la parte demandante-recurrida. Además, en el referido dictamen el foro primario declaró No Ha Lugar la solicitud de orden dirigida a la parte demandante-recurrida para contestar interrogatorio en controversia por incumplimiento con las disposiciones de la Regla 34.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.1.

**I**

El 18 de marzo de 2022, la Sra. Gloria Rivera Reyes (en adelante, Sra. Rivera Reyes), la Sra. Zulma Ivelisse Medina Rivera

Número Identificador

SEN2023 _____

y el Sr. Efrén Medina Rivera (en adelante, parte demandante-recurrida) presentaron *Demanda* en daños y perjuicios en contra de la parte aquí demandada-peticionaria.[1] El 25 de mayo de 2022, la parte demandante-recurrida, luego de haber enmendado en una primera ocasión la demanda, presentó *Segunda Demanda Enmendada.*[2]

Así las cosas, el 11 de julio de 2022, el Dr. Rosado García y la Sociedad Legal de Gananciales por él representada presentó su *Contestación a Demanda* (segunda demanda enmendada), en la cual negó haber incurrido en mala práctica médica o actos de negligencia que les hayan ocasionado daños a los demandantes-recurridos.[3]

Las partes comenzaron el descubrimiento de prueba y sometieron al foro primario un itinerario de toma de deposiciones. Estando pendiente parte del descubrimiento de prueba la parte aquí demandada-peticionaria presentó una *Moción Solicitando se Dicte Sentencia Sumaria Parcial* en atención al informe pericial que había presentado la parte demandante-recurrida.[4] Luego de varios trámites procesales, el 10 de marzo de 2023, el TPI determinó que dejaría pendiente la moción de sentencia sumaria presentada por la parte demandada-peticionaria hasta que se terminara el descubrimiento de prueba.[5]

El 4 de abril de 2023, la parte demandante-recurrida presentó *Solicitud para que se Dicte Orden Sobre Toma de Deposición,* en la cual se informó que se le cursó al Dr. Rosado García un interrogatorio suplementario y requerimiento de producción de documentos y admisiones, debido a que en un requerimiento anterior no se había producido el récord médico de

---

[1] Apéndice de *Ceriorai,* págs. 1-11.
[2] Apéndice de *Ceriorai,* págs. 12-27.
[3] Apéndice de *Ceriorai,* págs. 32-35.
[4] Apéndice de *Ceriorai,* págs. 45-64.
[5] Apéndice de *Ceriorai,* págs. 86-87.

la Sra. Rivera Reyes. Además, alegó en su moción la parte aquí demandante-recurrida que la parte demandada-peticionaria condiciona la toma de deposición del Dr. Rosado García a que primero se le haga entrega del informe pericial enmendado, que no puede terminarse sin el descubrimiento de prueba requerido al Dr. Rosado García y la toma de su deposición.[6] La parte demandada-peticionaria, el 19 de abril de 2023, se opuso a la solicitud sobre el orden de las deposiciones y reiterando la ausencia de imputaciones de negligencia en su contra.

Así las cosas, el 21 de abril de 2023, el TPI ordenó la toma de deposición al Dr. Rosado García y reiteró que resolvería la moción de sentencia sumaria una vez se concluyera el descubrimiento de prueba.[7]

Ante el incumplimiento de la parte demandada-peticionaria con la contestación de un interrogatorio y al no estar conforme con el orden de la toma de deposiciones dispuesto presentó *Moción Solicitando Orden y Reconsideración*.[8] La parte demandante-recurrida, el 24 de mayo de 2023, se opuso a esta solicitud.[9]

El 6 de junio de 2023, el TPI dictó la Orden de la cual se recurre y dispuso lo siguiente:

> [...]
> 1. No ha lugar a la solicitud de reconsideración de toma de deposición al Dr. Francisco Rosado antes de la deposición del perito demandante.
> 2. No ha lugar a la solicitud de orden dirigida a la demandante para contestar interrogatorio en controversia. Se advierte[,] además, que no se cumplió con las disposiciones de la Regla 34.1 de Procedimiento Civil.
> [...]

Aún inconforme con dicha determinación, el 12 de junio de 2023, la parte demandada-peticionaria presentó *Moción Urgente en*

---

[6] Apéndice de *Ceriorai*, págs. 97-102.
[7] Apéndice de *Ceriorai*, págs. 120-123.
[8] Apéndice de *Ceriorai*, págs. 124-129.
[9] Apéndice de *Ceriorai*, págs. 132-141.

*Auxilio de Jurisdicción* y *Petición de Certiorari*. En su recurso de *certiorari* alegó los siguientes errores:

**Primer error:** Erró el TPI al autorizar el cambio en el orden de las deposiciones para que se le tome la deposición a un codemandado contra quien no existe imputación de actos negligentes.

**Segundo error:** Erró el TPI al ordenar a la parte recurrida que NO conteste un interrogatorio en torno a perito para indicar cuáles son los señalamientos de negligencia contra el Dr. Francisco J. Rosado García, ya que no se mencionan en el informe pericial.

Ese mismo día el tribunal emitió *Resolución* ordenando la paralización de los procedimientos, así como de la toma de deposición la cual estaba pautada para el 14 de junio de 2023, y le concedió quince (15) días a la parte demandante-recurrida para expresar su posición.

El 30 de junio de 2023, la parte demandada-peticionaria, presentó *Moción Urgente Solicitando se Elimine el Recurso de Certiorari*, en la cual informa que ha llegado a un acuerdo con la otra parte respecto a la causa de acción y solicita el desistimiento con perjuicio del recurso de *Certiorari*.

**II**

La Regla 39.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.1, establece respecto a las solicitudes de desistimiento y desestimación de las partes lo siguiente:

Regla 39.1. Desistimiento. (32 LPRA Ap. V, R. 39.1)
(a) Por la parte demandante; por estipulación. — Sujeto a las disposiciones de la Regla 20.5, una parte demandante podrá desistir de un pleito sin una orden del tribunal:
(1) Mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria, cualesquiera de éstas que se notifique primero, o
(2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito.
A menos que el aviso de desistimiento o la estipulación exponga lo contrario, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presente una parte demandante que haya desistido

anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de Estados Unidos de América, de otro pleito basado en o que incluya la misma reclamación.

**(b) Por orden del tribunal. — A excepción de lo dispuesto en el inciso (a) de esta regla, no se permitirá a la parte demandante desistir de ningún pleito, excepto mediante una orden del tribunal y bajo los términos y las condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio.** (Énfasis suplido.)

Por otro parte, la Regla 83 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, dispone respecto a las solicitudes de desistimiento y desestimación lo siguiente:

(A) **La parte promovente de un recurso podrá presentar en cualquier momento un aviso de desistimiento.**
En casos criminales, la moción de desistimiento deberá venir acompañada de una declaración jurada de la persona acusada, indicando su intención de desistir.
(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
(1) que el Tribunal de Apelaciones carece de jurisdicción;
(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
(3) que no se ha presentado o proseguido con diligencia o de buena fe;
(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
(5) que el recurso se ha convertido en académico.
(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.
(D) Las resoluciones que emita el Tribunal de Apelaciones bajo esta regla deberán ser fundamentadas.
(E) Cuando se presente un recurso prematuro por estar pendiente de resolver una moción de reconsideración ante el Tribunal de Primera Instancia, el Tribunal de Apelaciones podrá, a petición de parte o motu proprio, tomar medidas mientras se dilucida la moción de reconsideración para facilitar el trámite apelativo posterior en aras de la economía procesal y de la reducción de costos de las partes. (Énfasis suplido.)

En virtud de las precitadas Reglas la parte aquí demandada-peticionaria solicitó el desistimiento del *certiorari* presentado, así como que se dejara en consecuencia sin efecto la paralización de

los procedimientos. En virtud de la solicitud de la parte demandada-peticionaria este tribunal declara Ha Lugar la solicitud de desistimiento y se ordena el archivo y sobreseimiento con perjuicio de la causa de acción. Además, se deja sin efecto la paralización de los procedimientos.

### III

En virtud de lo dispuesto en la Regla 39.1 (a) de las Reglas de Procedimiento Civil, *supra,* y lo dispuesto en la Regla 83 (A) del Reglamento del Tribunal de Apelaciones, *supra,* se tiene por desistido y archivado el presente *Certiorari,* y se deja sin efecto la paralización de los procedimientos.

Al amparo de la Regla 35 (A)(1) de nuestro Reglamento,[10] el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin que tenga que esperar por nuestro mandato.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[10] Regla 35 (A)(1): "La presentación de una solicitud de *certiorari* no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones. La expedición del auto de *certiorari* suspenderá los procedimientos en el Tribunal de Primera Instancia, **salvo que el Tribunal de Apelaciones disponga lo contrario**." 4 LPRA Ap. XXII-B R. 35.